PER CURIAM.
 

 Defendant, Randy Morin, appeals the order denying his rule 3.850 motion for postconviction relief. He argues that the trial court erred in summarily denying his first ground for relief in which he claimed that trial counsel was ineffective for failing to move to dismiss the two DUI manslaughter charges to which he later entered a negotiated guilty plea.
 
 [1]
 
 Based on the particular facts and circumstances of this unusual case, we agree. Because Defendant has stated a facially sufficient claim that warrants an evidentiary hearing, we reverse that part of the order summarily denying that claim and remand for further proceedings.
 

 
 *962
 
 AFFIRMED in part; REVERSED in part; and REMANDED.
 

 SAWAYA, ORFINGER and JACOBUS, JJ., concur.
 

 [1]
 

 . Defendant also argues that the trial court erred in denying him relief on two other grounds asserted in his motion: that counsel was ineffective for failing to protect him from coercive tactics by the prosecutor to obtain a plea agreement and that counsel was ineffective for failing to ensure a correct score sheet was prepared. Having found no error in the trial court's ruling, we affirm that part of the order denying relief on these two grounds.